EASTERN DIST.
June, 1857.

LUCKET
vs.
LUCKET ET AL.

---

## LUCKET vs. LUCKET ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

In an action for separation of property between the wife and her husband, a receipt or acknowledgment of the latter, that he had received a certain sum belonging to the former, is insufficient to bind his creditors; as to them, the receipt of the money must be proved by other evidence.

Money advanced by the wife's father to her husband to make improvements on a piece of land he had given her, which he afterwards took back and gave a slave in lieu of it, cannot be recovered by her in a suit for separation of property against her husband. It belongs to the community.

This is an action for a separation of property by the wife against her husband, and for an injunction to restrain the sheriff from paying over to Hall & Runyon, seizing creditors of her husband, the sum of three thousand two hundred and ten dollars, being the proceeds of a house and lot seized and sold as his property.

The plaintiff alleges, she received at different times the following sums of money and property as paraphernal effects, which have come to the possession and administration of her husband. *First*, The sum of one thousand dollars, given by

her father and evidenced by her husband's receipt, passed before the parish judge the 5th January, 1831. *Second,* five hundred dollars and a slave named Vincy, given by her father and received by her husband. *Third,* one thousand one hundred dollars, the price of a slave and her two children, inherited by her from her mother's estate, and sold for this sum, and the money received by her husband. *Fourth,* seven hundred and fifty dollars, the price of a slave inherited by her from a deceased brother, and sold. *Fifth,* a slave named Kitty, which she inherited from her mother; making in all, said two slaves and three thousand three hundred and fifty dollars in money.

She further alleges, that her husband is much embarrassed and indebted, so that she is in danger of losing her paraphernal effects; she therefore prays for judgment against her said husband, separating her in property, and for the said sum above mentioned, and the two slaves, and that she have the entire administration and control of the same, with a legal mortgage on her husband's property for the restitution of said paraphernal effects. She further shows that Hall & Runyon have obtained a judgment against her husband for one thousand dollars, and have seized a house and lot, which has been sold by the sheriff for three thousand two hundred and ten dollars, and are proceeding to receive the proceeds in satisfaction of their claim; she prays for an injunction to restrain them from receiving said money, and the sheriff from paying it until her demand is first satisfied.

The defendants in injunction, Hall & Runyon, pleaded a general denial, and denied specially that the plaintiff's husband owed her the sums specified in the petition, or had ever received or had the administration of her paraphernal effects, or that she had any legal mortgage on her said husband's property. They prayed that the injunction be dissolved with twenty per cent. damages on the amount of the judgment enjoined, and one hundred dollars in special damages.

The injunction being allowed for the entire sum in the sheriff's hands, a motion was made to dissolve it on the face of the papers, which was overruled.

The defendant, Lucket, failed to appear, and judgment by default was entered against him.

In support of her first demand the plaintiff produced in evidence an anthentic act passed before the parish judge the 5th January, 1831, in which the father of the plaintiff makes her a donation of a tract of land, valued at five hundred dollars, and her husband acknowledges therein to have received from her father one thousand dollars as dotal effects of his said wife.

*Second.* She produced a public act dated the 20th April, 1836, in which her father took back the tract of land, before donated, and in lieu thereof and the improvements put on it, gave her a slave named Vincy, and five hundred dollars in money, which was received by her husband.

*Third.* An act of sale in which the plaintiff sold three of her slaves which she owned in her own right, for one thousand one hundred dollars, and she offered parole evidence to show that this money was received by her husband. This evidence was objected to, but received by the court, and a bill of exceptions taken.

*Fourth.* A public act dated the 20th December, 1835, in which the plaintiff sells a negro boy for the sum of seven hundred and fifty dollars, who is also mortgaged for that sum, which she engages to have cancelled. This act is produced to show that her husband received that money, but the testimony of a witness produced to show he had bought this slave for the wife, was rejected.

Some further proof was offered in support of these claims.

It appeared that Hall & Runyon had obtained a judgment against Lucket for nine hundred and sixty-four dollars, with interest and costs, and seized and sold a house and lot in the town of Plaquemine, for three thousand two hundred and ten dollars, which was still in the sheriff's hands.

It was fully proved that the husband of the plaintiff was much embarrassed, and owed more than he had means to pay.

The district judge decided that the plaintiff was entitled to her judgment of separation of property from her husband,

with a mortgage for its restitution. That she was entitled to recover the sum of one thousand one hundred dollars, which she proved had been received by her husband, and to have the two slaves, Kitty and Vincy, set apart as her separate property. The balance of her claim was rejected. The injunction was dissolved so far as respected the claim of Hall & Runyon, and they were allowed to proceed and satisfy their judgment out of the money in the sheriff's hands. The plaintiff appealed.

*Labauve* and *Stacy*, for the plaintiff, contended, that the sum of one thousand dollars should have been allowed her, as it was expressly acknowledged in a public authentic act, to have been received by her husband, it being dotal property. This acknowledgment is conclusive and binding against all subsequent creditors of the husband, such as the defendants, unless fraud and collusion had been shown. *Louisiana Code,* 1988, 1523-4-5. 5 *Martin, N. S.,* 96. 8 *Ibid.,* 547. 2 *Louisiana Reports,* 543. 4 *Ibid.,* 251. 5 *Ibid.,* 125.

2. The claim for five hundred dollars given in lieu of the land should have been allowed. It is proved by as high evidence as the one for one thousand one hundred dollars, which was established.

3. The testimony of the witness offered to prove he had purchased the slave for her at her request, and which the plaintiff sold again for seven hundred and fifty dollars, was improperly rejected. The slave belonged to the estate of her deceased brother. The witness was requested to buy it, and did so, and conveyed it to her. It is only intended to show this slave was her paraphernal property, and as such sold by her for seven hundred and fifty dollars, and the money received by the husband.

*Edwards,* for the defendants, Hall & Runyon, prayed to have the judgment so amended, as to allow them damages on the amount of their judgment enjoined, and fifty dollars damages for counsel fees. This he contended the defendants are entitled to as the injunction was dissolved as to this sum.

2. He denied that the plaintiff was entitled to a greater sum than was allowed her. Her claim to the one thousand dollar sum was not supported by legal and sufficient evidence. 7 *Martin, N. S.*, 460. 8 *Ibid.*, 462.

3. She is not entitled to the five hundred dollar claim. This was given in part of the land and *improvements*. The improvements made on the property of the wife during marriage, belong to the community, and are liable for its debts. *Louisiana Code*, 2363. 4 *Martin, N. S.*, 212, 409.

4. The testimony of Taylor, to prove he was the agent to purchase a slave for the plaintiff at the sale of her brother's succession, she being heir, and to show it was dotal or paraphernal effects when she sold it, was properly rejected. An agency to buy immovable property cannot be proved by parole evidence. *Louisiana Code, 2255, 2269. 2 Louisiana Reports, 593.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff having brought a suit for separation of goods against her husband, the defendants, Hall & Runyon, his creditors, were cited to show cause why the sale of a lot of ground belonging to him, which they had seized, should not be stayed, and an injunction was accordingly issued. She obtained a judgment of separation, and recovered from her husband the sum of eleven hundred dollars, with interest, and the injunction was dissolved; from this judgment she appealed.

These creditors prayed that the judgment may be amended so as to allow them damages and costs on the dissolution of the injunction, and fifty dollars counsel fees.

They urged that the judgment ought to be affirmed, because the proceeds of the sale enjoined, now in the hands of the sheriff, are three thousand two hundred and ten dollars, the amount of the plaintiff's judgment, of one thousand one hundred dollars, and interest, which leaves a balance more than sufficient to satisfy the judgment obtained by these creditors.

EASTERN DIST.
June, 1837.

LUCKET
vs.
LUCKET ET AL.

In an action for separation of property between the wife and her husband, a receipt or acknowledgment of the latter, that he had received a certain sum belonging to the former, is insufficient to bind his creditors; as to them, the receipt of the money must be proved by other evidence.

Money advanced by the wife's father to her husband, to make improvements on a piece of land he had given her, which he afterwards took back and gave a slave in lieu of it, cannot be recovered by her in a suit for separation of property against her husband. It belongs to the community.

The plaintiff and appellant contends, that the District Court erred in disallowing part of her claims against her husband.

I. The sum of one thousand dollars was received by her husband, as appeared by an authentic document, and which her counsel contends is binding on the husband, and consequently on the appellees, his creditors, even those who became so after the date of that document. To this they have correctly answered, that an acknowledgment of the husband is insufficient to bind his creditors; that as to them, the receipt of the money must be proved otherwise. 7 *Martin*, *N. S.*, 460. 8 *Ibid.*, 462.

II. The second claim is for five hundred dollars paid by the plaintiff's father to her husband, for the improvements made by the latter, on a tract of land, given by the former, to the plaintiff, which the father resumed, giving in lieu thereof, a slave. To this it has been correctly answered, that these improvements were made at the expense of the community, and the money paid for them belongs thereto.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, and that the defendants, Hall & Runyon, recover from the plaintiff and appellant, damages on the dissolution of the injunction, at the rate of ten per cent. on the amount of their judgment against the husband, Lucket; and that it be affirmed for the remainder, the plaintiff paying the costs of the appeal.